IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BESARO MOBILE HOME PARK, LLC, | No. 10-00478 CW |
| Petitioner, | ORDER DENYING ALJ ASTLE'S MOTION TO DISMISS AND STAYING FEDERAL PROCEEDINGS PENDING COMPLETION OF STATE COURT PROCEEDINGS (Docket No. 30) |
| v. | |
| THE CITY OF FREMONT, THE CITY OF FREMONT RENT REVIEW OFFICER MAY LEE, THE CITY OF FREMONT HEARING OFFICER RUTH J. ASTLE, | |
| Respondents. | |

Petitioner has filed a complaint entitled, "Petition for Writ of Administrative Mandamus," seeking judicial review of an administrative decision regarding Petitioner's request to increase the rents at its mobile home park, and seeking redress for constitutional violations under 42 U.S.C. § 1983. Respondent Ruth S. Astle moves to dismiss Petitioner's complaint against her because, as an Administrative Law Judge (ALJ), she enjoys judicial immunity from suit.[1] Petitioner opposes the motion. The matter

---

[1] Respondents City of Fremont and Rent Review Officer May Lee stipulated with Petitioner to stay the proceedings in this case pending the resolution of a similar case Petitioner filed in state court. The Court signed the stipulation, but vacated the stay the next day when it became clear that ALJ Astle opposed the stay, at least until the Court ruled on her motion to dismiss. The Court extended the deadline for Respondents City of Fremont and Officer Lee to answer the complaint until twenty days after the Court rules on ALJ Astle's motion.

was taken under submission on the papers.  Having considered all of the papers filed by the parties, the Court DENIES Respondent Astle's motion.[2]

## BACKGROUND

Petitioner operates a 236 space mobile home park in Fremont, California.  On July 15, 2005, Petitioner sued the City of Fremont in this Court, seeking a determination that Fremont's rent control ordinance was unconstitutional both facially and as-applied.  The Court found that the facial challenge was barred by the statute of limitations, and that the as-applied challenge was unripe because Petitioner had failed to exhaust its available state remedies.  The Ninth Circuit affirmed.

In January, 2009, Petitioner applied for a "major" rent increase pursuant to Fremont's rent control ordinance, seeking a rent increase to the monthly fair market rent of $895, to be effective March 1, 2009.  Fremont appointed Respondent Astle as the hearing officer for Petitioner's request.

On or about November 4, 2009, Respondent Astle issued her decision, denying Petitioner's request for the rent increase.

On February 2, 2010, Petitioner filed this petition for administrative mandamus, naming as Respondents the City of Fremont, the City of Fremont's Rent Review Officer May Lee, and ALJ Astle, and seeking redress for constitutional violations under 42 U.S.C.

---

[2] The Court denies the requests for judicial notice from Petitioner and ALJ Astle because the documents submitted have no relevance to the issue presented in this motion.

2

§ 1983. Petitioner alleges that Fremont's rent control ordinance is unconstitutional facially and as-applied, and that ALJ Astle's determination was legally and factually incorrect. Also on February 2, 2010, Petitioner filed a petition for writ of administrative mandamus in Alameda County Superior Court, seeking judicial review of ALJ Astle's determination. On June 8, 2010, ALJ Astle filed this motion to dismiss.

## DISCUSSION

### I. Legal Standard

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

### II. Judicial Immunity

ALJ Astle argues that, as an ALJ, she enjoys complete immunity for acts undertaken pursuant to her role as a judicial officer. Petitioner responds that ALJ Astle is not immune from this suit because it seeks only injunctive relief and not damages.

Judges and those performing judge-like functions are absolutely free from liability for damages for any acts performed in their official capacities. Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc). Judicial immunity does not bar claims for injunctive relief in § 1983 actions against state judges. Pulliam v. Allen, 466 U.S. 522, 541-42 (1984); Ashelman, 793 F.2d at 1075. However, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was

3

unavailable." 42 U.S.C. § 1983 (as amended by Pub. L. 104-317, Title III, § 309(c), 110 Stat. 3853 (Oct. 19, 1996)) (superceding <u>Pulliam</u>, in part).

Citing <u>State of California v. Superior Court</u>, 12 Cal. 3d 237, 249 (1974), Petitioner contends that injunctive relief is available against ALJ Astle because declaratory relief is an inappropriate means to review an administrative agency decision under California law. Thus, Petitioner contends that, because 42 U.S.C. § 1983 authorizes injunctive relief against state judicial officers when declaratory relief is unavailable, ALJ Astle is a proper party to this action.

ALJ Astle argues that <u>State of California v. Superior Court</u> does not hold that declaratory relief is unavailable against state judicial officers, but that declaratory relief is not an appropriate way to initiate review of an administrative agency decision. However, Petitioner here is attempting to initiate such review, and, under California law, administrative mandamus, not declaratory relief, is the proper vehicle for review of an administrative agency decision. <u>State v. Superior Court</u>, 12 Cal.3d at 249. Moreover, judges may be named as parties to mandamus actions. <u>See</u> <u>In re Justices of the Supreme Court of Puerto Rico</u>, 695 F.2d 17, 23 (1st Cir. 1982) ("For example, judges are frequently named as Respondents when litigants seek writs of mandamus, prohibition, and the like. In such instances . . . the judge is named as a party as a matter of proper form, the writ is a traditional and well-accepted procedural device for transmitting instructions from one court to another, and there are sound

4

procedural reasons for making the judge a formal participant in an ongoing controversy over his disposition of an existing suit.").

The case ALJ Astle cites, Moore v. Brewster, 96 F.3d 1240 (9th Cir. 1996), is not to the contrary. Although Moore found that federal judicial officers are immune from suit for declaratory and injunctive relief as well as for damages, it recognized, citing Pulliam, 466 U.S. at 541-42, that state judicial officers are immune only from suits for damages. Id. at 1243. ALJ Astle argues that, because Pulliam has been superceded by the 1996 amendment to § 1983, Moore should be read to bar declaratory or injunctive relief against state judges as well. This argument is not well-taken; under the plain language of the amendment, the basic holding of Pulliam that state judges may be sued for injunctive relief remains intact. Instead, Congress limited the availability of injunctive relief against state judicial officers to situations where "a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Here, declaratory relief is unavailable; thus, ALJ Astle is not entitled to judicial immunity from suit for injunctive relief in these circumstances.

Petitioner represents that it included ALJ Astle in the suit because it wished to avoid an argument by opposing counsel that it had failed to join a necessary party to the action under Federal Rule of Civil Procedure 19(a)(1). ALJ Astle is thus named a party to this action as a formality, similar to the manner in which judges are sometimes named parties to mandamus actions. See In re Justices, 695 F.2d at 23 (judges properly named as Respondents in actions for writ of mandamus as a means of transmitting

5

instructions from one court to another). ALJ Astle need not appear in court in conjunction with this suit, nor must she file any papers. The parties are ordered to notify her and the State Attorney General immediately if there is any change in the posture of the case that could affect her interests.

## CONCLUSION

For the foregoing reasons, ALJ Astle's motion to dismiss is DENIED. As discussed in this Court's order of May 27, 2010 and at the Case Management Conference of June 8, 2010, the Court stays this action, pending final resolution of the state court proceedings, including any and all appeals. The Clerk of the Court shall administratively close the case. Nothing herein shall preclude any party from seeking to dissolve this stay or re-open this case during the pendency of the state court proceedings, pursuant to noticed motion filed with this Court. The parties shall advise the Court within sixty days of the final resolution of the state court proceedings. If upon resolution of the state proceedings, Petitioner wishes to reopen the case, it shall file a noticed motion to do so. The parties shall file a joint status report on November 1, 2010 and every 180 days thereafter.

IT IS SO ORDERED.

Dated: July 29, 2010

CLAUDIA WILKEN
United States District Judge