IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BESARO MOBILE HOME PARK, LLC,

    Plaintiff,

  v.

CITY OF FREMONT, CITY OF FREMONT RENT REVIEW OFFICER MAY LEE, and CITY OF FREMONT HEARING OFFICER RUTH J. ASTLE,

    Defendants.
_____/

No. C 10-0478 CW

ORDER GRANTING MOTION TO DISMISS (Docket No. 50)

Plaintiff Besaro Mobile Home Park, LLC brought this action against the City of Fremont, its rent review officer, May Lee, and its hearing officer, Ruth S. Astle, under the Fifth and Fourteenth Amendments to the United States Constitution.  Defendants City of Fremont and Lee move to dismiss for lack of subject matter jurisdiction and failure to state a claim.  Plaintiff opposes the motion.  After considering the parties' submissions and oral argument, the Court now grants the motion.

BACKGROUND

Plaintiff filed its second amended complaint (2AC) on April 3, 2013.  Docket No. 49.  The following facts are taken from that complaint and documents attached to Defendant's Request for Judicial Notice (RJN).[1]

Besaro owns and operates a 236-space mobile home park in Fremont, California.  2AC ¶ 10.  Since 1992, it has been subject

---

[1] The Court grants Defendants' unopposed request to take judicial notice of: Fremont's rent control ordinance, Besaro's pleadings from its prior lawsuits challenging the ordinance, and the dispositive orders and appellate decisions from those past lawsuits.  Docket No. 51, RJN.

to a local rent control ordinance that places a cap on the annual percentage by which mobile home parks may increase their rent. Id. ¶ 16. The ordinance also includes a "vacancy control" provision that prohibits park owners from raising the rent on any mobile home space by more than fifteen percent after a tenant vacates that space. Id. ¶ 20; see Fremont, Cal., Mun. Code § 9.55.060(a)(3).

In July 2005, Besaro filed a lawsuit in this Court alleging that the vacancy control provision violated the Takings and Due Process Clauses of the federal Constitution and analogous provisions of the California Constitution. Id. ¶ 21. Its complaint sought a judicial declaration that the provision was unconstitutional, both on its face and as applied to Besaro. RJN, Ex. 2, Complaint in Case No. 05-2886, at ¶¶ 40-62.

This Court dismissed Besaro's complaint in October 2006. RJN, Ex. 3, Order Granting Defendant's Second Motion to Dismiss, at 62-63; Besaro Mobile Home Park v. City of Fremont, 2006 WL 2990201, at *4 (N.D. Cal.) (Besaro I). The Court found that Besaro's facial takings challenge was time-barred; its as-applied takings challenge was unripe; and its due process challenge failed to state a claim. Id. at 59-62. Based on these rulings, the Court dismissed the complaint "with prejudice to filing a facial challenge to the ordinance," but granted Besaro leave "to re-fil[e] an as-applied challenge upon exhaustion of State remedies." Id. at 62. The Ninth Circuit affirmed the dismissal in August 2008. RJN, Ex. 4, at 67; Besaro Mobile Home Park v. City of Fremont, 289 Fed. App'x 232, 232 (9th Cir. 2008).

2

Five months later, in January 2009, Besaro filed a petition with the City for a "major rent increase." 2AC ¶¶ 24-25. The ordinance requires park owners to file such a petition whenever they seek to raise their rents beyond the "standard rent increases"[2] set forth in the municipal code. RJN, Ex. 1, at 11; Fremont, Cal., Mun. Code § 9.55.050(e). Every petition is heard by a rent review officer who determines whether the requested rent increase is appropriate based on a variety of factors. These include recent changes in the park's "net operating income," current rents at "comparable mobile home parks," and whether the park owner is receiving "a fair return on [its] investment," among other considerations. 2AC ¶ 65; RJN, Ex. 1, at 26-27; Fremont, Cal., Mun. Code § 9.55.150.

Besaro's petition requested an across-the-board rent increase to $895 per month for each of its 236 spaces. 2AC ¶¶ 24-25. The City held a hearing on the petition in August 2009, during which Besaro presented evidence that its average monthly rent -- roughly $670 per space in 2008 -- was lower than that of the City's two other mobile home parks. Id. ¶¶ 25, 72. Besaro's expert witness

---

[2] The provision setting forth the "standard rent increases" reads as follows:

> Once every 12 months the park owner may impose a standard rent increase equal to the greater of:
> (1) Three percent; or
> (2) Ten dollars per month; or
> (3) Sixty percent of the percent change in the Consumer Price Index; provided, that no standard rent increase of more than six percent may be imposed in any 12-month period.
>
> All standard rent increases shall become a permanent part of the base rent upon which future increases are based.

Fremont, Cal., Mun. Code § 9.55.050(a); RJN, Ex. 1, at 10.

3

1 testified that, in the absence of rent control, the market rate
2 for a typical space at Besaro would be roughly $895 per month.
3 Id. ¶ 34.

4     The City denied Besaro's petition in November 2009.  Id.
5 ¶ 64.  Although Besaro asked "to have the ordinance applied in
6 conformity with the takings, due process and equal protection
7 clauses of the United States Constitution," the hearing officer,
8 Defendant Astle, concluded that the request was not "properly
9 raised in the hearing."  Id. ¶ 69.

10     Three months later, in February 2010, Besaro sought a writ of
11 administrative mandamus in Alameda County Superior to challenge
12 the City's decision.  Id. ¶ 73.  The same day, Besaro initiated
13 this action by filing a separate "petition for administrative
14 mandamus" in federal court.  Petition, Docket No. 1.  In July
15 2010, this Court stayed the federal action pending resolution of
16 the state action.  2AC ¶ 74.

17     In November 2010, the Alameda County Superior Court denied
18 Besaro's petition for a writ of administrative mandamus.  Id.
19 ¶ 74.  The First District Court of Appeal affirmed the decision in
20 March 2012, rejecting Besaro's argument "that the denial of [the]
21 major rent increase was contrary to the Ordinance and violated its
22 rights under the California Constitution."  Id. ¶ 76; RJN, Ex. 6,
23 at 101; Besaro Mobile Home Park v. City of Fremont, 204 Cal. App.
24 4th 345, 354 (2012) (Besaro II).  Although Besaro raised claims
25 under the takings, due process, and equal protection provisions of
26 the State Constitution before the Court of Appeal, it did "not
27 raise any federal constitutional claims" and "explicitly stated in
28 its opening brief that it [was] reserving any such claims for

4

litigation in federal court." Besaro II, 204 Cal. App. 4th at 354.

In June 2012, the California Supreme Court denied Besaro's petition for review, thus ending the state court proceedings. 2AC ¶ 77. After the parties notified this Court that Besaro had exhausted its state remedies, the Court lifted its stay of the present action. Id. ¶ 78. This motion followed.

## LEGAL STANDARD

Subject matter jurisdiction is a threshold issue which goes to the power of the court to hear the case. Federal subject matter jurisdiction must exist at the time the action is commenced. Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988). A federal court is presumed to lack subject matter jurisdiction until the contrary affirmatively appears. Stock W., Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989).

Dismissal is appropriate under Rule 12(b)(1) when the district court lacks subject matter jurisdiction over the claim. Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) motion may either attack the sufficiency of the pleadings to establish federal jurisdiction, or allege an actual lack of jurisdiction which exists despite the formal sufficiency of the complaint. Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979); Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987).

## DISCUSSION

Besaro asserts that the denial of its petition for a major rent increase represents an unconstitutional regulatory taking

under the Fifth Amendment.  It also alleges that the denial violated its Fourteenth Amendment rights to due process and equal protection.  Accordingly, Besaro seeks an order vacating the City's decision and declaring the rent control ordinance "unconstitutional as applied."  2AC ¶ 107.  Defendants contend that these claims are barred by res judicata.[3]

The doctrine of res judicata, or claim preclusion, prohibits the re-litigation of any claims that were raised or could have been raised in a prior action.  Tahoe-Sierra Pres. Council v. Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1077 (9th Cir. 2003).  Here, there are two prior court decisions which could potentially preclude Besaro's present claims: this Court's 2006 decision dismissing with prejudice Besaro's facial challenge to the City's rent control ordinance, Besaro I, 2006 WL 2990201, at *4, aff'd 289 Fed. App'x at 232, and the California Court of Appeal's 2012 decision denying Besaro's request for a writ of administrative mandamus, Besaro II, 204 Cal. App. 4th at 349.  Because Besaro does not assert a facial challenge here, only the Court of Appeal decision is relevant.

"To determine the preclusive effect of a state court judgment federal courts look to state law."  Manufactured Home Communities Inc. v. City of San Jose, 420 F.3d 1022, 1031 (9th Cir. 2005) (MHC).  In California, res judicata is based upon the "primary right theory," which holds that "the violation of a single primary right gives rise to but a single cause of action."  Crowley v.

---

[3] The issue may be raised on a motion to dismiss when doing so does not raise any disputes of fact.  Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984).

6

Katleman, 8 Cal. 4th 666, 681 (1994). "Even where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief." Mycogen Corp. v. Monsanto Co., 28 Cal. 4th 888, 904 (2002) (citation omitted). Thus, under California's doctrine of res judicata, a plaintiff cannot assert any claim that was raised or could have been raised in a prior action. Id. at 908.

The Ninth Circuit relied on this principle in MHC, 420 F.3d at 1031, to dismiss claims nearly identical to those asserted by Besaro here. In that case, a mobile home park owner sought to challenge the City of San Jose's rent control ordinance in federal court after the city denied its petition for a rent increase and the California Court of Appeal denied its petition for a writ of administrative mandamus. The Ninth Circuit held that the park owner's claims -- which, as in the present case, arose under the Fifth and Fourteenth Amendments -- were barred by res judicata because they had already been adjudicated in state court. Id. The court explained,

> MHC's claims all relate to a single Ordinance and the City's application of that Ordinance to MHC's petition for a rent increase. MHC's different Counts are simply different legal theories under which MHC may recover. Different theories of recovery are not separate primary rights.

Id. at 1031-32.

The same logic governs here. Just as in MHC, Besaro's claims arise from a "single primary right" -- namely, the right to increase its rent -- that has already been adjudicated in state court. Id. at 1031. Indeed, Besaro seeks exactly the same relief in this action that it previously sought in state court and has

7

even styled its complaint as a "Petition for a Writ of Administrative Mandamus." See Docket No. 49. Because Besaro failed to obtain that relief in state court, it may not pursue it again here. See Adam Bros. Farming, Inc. v. County of Santa Barbara, 604 F.3d 1142, 1149 (9th Cir. 2010) ("The damages that Adam Bros. now seeks to obtain in federal court are identical to those it sought in state court. For purposes of res judicata, it is irrelevant that Adam Bros. attempts to recover under different legal theories."); MHC, 420 F.3d at 1032 ("MHC's claims either have been or should have been raised in state court, and MHC is precluded from raising them in federal court.").

Besaro contends that res judicata is inapplicable here because it reserved its federal claims under England v. Louisiana Bd. of Medical Examiners, 375 U.S. 411 (1964). The Supreme Court rejected this argument in San Remo Hotel, LP v. City of San Francisco, 545 U.S. 323 (2005). San Remo involved a federal takings challenge to a San Francisco zoning ordinance. The plaintiffs in the case had previously challenged the ordinance under the California Constitution during an administrative mandamus proceeding in state court. Id. at 330. After they failed to obtain relief under state law, they challenged the ordinance in federal court under the Fifth Amendment, arguing that they had reserved their federal takings claim under England. The Supreme Court, however, held that their claims were still precluded by res judicata because the plaintiffs' state claims "effectively asked the state court to resolve the same federal issues they asked it to reserve." Id. at 341. The Court explained, "Because California courts had interpreted the relevant

8

substantive state takings law coextensively with federal law, petitioners' federal claims constituted the same claims that had already been resolved in state court."

Besaro argues that this reasoning is based on the false assumption that California takings law is coextensive with federal takings law. It notes that the Supreme Court never actually examined the relationship between California and federal takings law in San Remo. Instead, the Court "assume[d] for purposes of [the] decision" that "the Ninth Circuit properly interpreted California preclusion law" and "that the California Supreme Court was correct in its determination that California takings law is coextensive with federal law." Id. at 337 n.18.

Although San Remo does not explicitly hold that California takings law is coextensive with federal law, other courts have held that the two bodies of law essentially mirror each other. Small Prop. Owners of S.F. v. City of San Francisco, 141 Cal. App. 4th 1388, 1396 (2006) ("California courts generally construe the federal and California takings clauses congruently."); Dunn v. County of Santa Barbara, 135 Cal. App. 4th 1281, 1299 n.10 (2006) ("[S]tate takings law is coextensive with federal law."). Indeed, the Ninth Circuit's decision in San Remo held that the California Supreme Court's prior rejection of the plaintiffs' state takings claims required "an 'equivalent determination' of such claims under the federal takings clause." San Remo Hotel, LP v. City of San Francisco, 364 F.3d 1088, 1098 (9th Cir. 2004). Besaro has not attempted to distinguish this aspect of the Ninth Circuit's decision, which remains binding in light of the Supreme Court's decision. Besaro has likewise failed to show that its equal

9

protection or due process claims would fare any differently under the federal constitution than they did under the California Constitution.  See generally In re Conservatorship & Estate of Edde, 173 Cal. App. 4th 883, 891 (2009) ("The equal protection clause contained in article I, section 7, of the California Constitution is coextensive with its federal counterpart found in the Fourteenth Amendment."); Ryan v. Cal. Interscholastic Fed'n, 94 Cal. App. 4th 1048, 1069 (2001) ("[P]rocedural due process under the California Constitution is 'much more inclusive' and protects a broader range of interests than under the federal Constitution." (citations omitted)).

    Besaro's final argument is that Besaro II lacks preclusive effect because it was based on faulty factual findings by the hearing officer.  For support, Besaro cites a recent state court decision, which held that issue preclusion "does not apply when the factual finding in the prior proceeding was arrived at based on a lower standard of proof than the one required in the subsequent proceeding."  Grubb Co., Inc. v. Dep't of Real Estate, 194 Cal. App. 4th 1494, 1503 (2011).  This rule is inapposite here, however, because the Besaro II court did not rely on the hearing officer's fact findings in rejecting Besaro's state constitutional claims.  The court only discussed the fact findings in analyzing whether the hearing officer properly applied the ordinance.  In its separate discussion of Besaro's constitutional claims, the court relied on undisputed facts, see, e.g., Besaro II, 204 Cal. App. 4th at 358 ("Besaro does not claim that it has been denied a fair return on its investment."), or accepted Besaro's own factual allegations as true, see, e.g., id. at 360

("Even if we assume the three parks are similarly situated, equal protection is not denied simply because some landlords may receive rents different than those received by other landlords."). Besaro has not identified any disputed fact on which the Court of Appeal actually relied in rejecting Besaro's constitutional claims. Accordingly, the hearing officer's factual findings -- and the standard by which the Court of Appeal reviewed those findings -- do nothing to alter the preclusive effect of Besaro II.

## CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss (Docket No. 50) is GRANTED. The clerk shall enter judgment and close the file.

IT IS SO ORDERED.

Dated: 7/29/2013

CLAUDIA WILKEN
United States District Judge